IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**MARCUS J. NUTALL**  **PLAINTIFF**

**v.**  **CAUSE NO. 1:16CV130-LG-RHW**

**COMMISSIONER OF SOCIAL SECURITY**  **DEFENDANT**

## ORDER OF DISMISSAL

THIS CAUSE is before the Court for consideration of dismissal. This case is a *pro se* appeal of the Commissioner's unfavorable decision regarding Plaintiff's application for disability benefits. Magistrate Judge Walker entered an Order to Show Cause [8] on August 31, 2016, requiring the plaintiff to show cause why this case should not be dismissed for his failure to properly serve his Complaint within the time allowed by the Federal Rules of Civil Procedure. The defendant is an agency of the United States, and as Magistrate Judge Walker noted, Plaintiff had until July 18, 2016 to serve his Complaint on the civil-process clerk at the United States Attorney's office for this District. *See* Fed. R. Civ. P. 4(i). Plaintiff had only served the Commissioner of Social Security and the United States Attorney General. (*See* Returns [6, 7]). Plaintiff was advised that, pursuant to Fed. R. Civ. P. 4(m), his failure to properly serve the United States might result in dismissal if he did not show good cause.

The plaintiff filed a timely response to the Order to Show Cause, but he merely reiterated the grounds for relief in his Complaint. (*See* Response [9]). Plaintiff did not address the issue of his failure to properly serve the United States with process according to the Rules of Civil Procedure. Unrepresented *pro se* parties, just like represented parties, are held accountable for complying with the

Federal Rules of Civil Procedure and Local Rules of Court, along with Court orders. (*See, e.g.,* Fed. R. Civ. P. 41(b); *Price v. McGlathery*, 792 F.2d 472, 474 (5th Cir. 1986) (affirming dismissal of plaintiff's action for failure to prosecute after plaintiff's counsel failed to obey court orders); *Beard v. Experian Info. Sols. Inc.*, 214 F. App'x. 459, 462 (5th Cir. 1981) (affirming sua sponte dismissal of a *pro se* plaintiff's action for failure to prosecute).

Rule 4 states:

> If a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – **must** dismiss the action without prejudice against the defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. Proc. 4(m) (emphasis added).

The Court notified Plaintiff that his service on the defendant was deficient under Rule 4(i). Plaintiff neither explained the deficiency nor made an effort to correct it. Plaintiff has not shown good cause for his failure to properly serve the defendant, and therefore this action must be dismissed without prejudice.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Complaint is **DISMISSED** without prejudice. A separate Judgment will be entered as required by Rule 58 of the Federal Rules of Civil Procedure.

**SO ORDERED AND ADJUDGED** this the 4th day of January, 2017.

*s/ Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE